IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERALD DENT, JR.,

    **Plaintiff,**

    v.                                                             CASE NO. 25-3094-JWL

JOHN DOE (1), et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Gerald Dent, Jr., a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas, filed this pro se civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis and has paid the initial partial filing fee. When Plaintiff began this action, he filed a complaint that was not on the required court-approved form. (Doc. 1.) Thus, on May 14, 2025, the Court issued a notice of deficiency directing Plaintiff to re-submit his complaint on the required form, which was provided to him. (Doc. 3.) Plaintiff timely complied. (Doc. 4.)

    **I.**    **Nature of the Matter before the Court**

In the operative complaint, Plaintiff identifies as Defendants two unnamed deputy sheriffs with the Ottawa County Sheriff's Department and two unnamed officers with the Minneapolis, Kansas police department. (Doc. 4, p. 1-2.) As the background of this case, Plaintiff states that on January 25, 2025, he was arrested in Ottawa County, Kansas for burglary despite law enforcement lacking probable cause for the arrest. *Id.* at 2. As Count I, Plaintiff alleges that Defendants violated his Fourth Amendment rights by conducting an "illegal search and seizure (Malicious Prosecution) [and] illegally detaining [him] for burglary." *Id.* at 3. In the space on the form complaint for

1

providing the facts that support Count I, Plaintiff has written: "John Doe Deputy Sheriff (Ottawa County)[,] John Doe Police Officer 1 [and] 2 Minneapolis Police Dept in Toscott, KS 1-25-25 (303 Evergreen) street." *Id.* (all errors in original).

As Count II, Plaintiff asserts the violation of his Fourth Amendment right to be free from unreasonable search and seizure. *Id.* As the supporting facts for Count II, Plaintiff has written only: "Illegally detained on 1/25/25 for Burglary." *Id.* As relief, Plaintiff seeks $250,000.00 in punitive damages and $150,000.00 in compensatory damages. *Id.* at 5.

## II.   Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal

2

is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

### III. Discussion

#### a. Insufficient Factual Allegations

This matter is subject to dismissal in its entirety because the complaint (Doc. 4) fails to allege sufficient facts to state a plausible claim for relief against any Defendant. "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (unpublished) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676.

The only specific factual allegation in the complaint is that Plaintiff was arrested for burglary on January 25, 2025 in Ottawa County, Kansas. Although Plaintiff also seems to assert that he had "legal standing to be on [his] property and had documents to prove such defense," he provides no further detail. (Doc. 4, p. 2.) The Court notes that with his initial complaint that was not on forms, Plaintiff submitted a statement of facts (Doc. 1-1), but no additional facts were included in or attached to the complaint submitted on the required form.

### b. Signature required

Plaintiff did not sign the complaint he submitted on the required form. (Doc. 4, p. 5.) Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Under this rule, Plaintiff must ensure that all pleadings, motions, or other documents he files in this case are signed.

### IV. Amended Complaint Required

Due to the lack of specific facts alleged in the complaint submitted on the required form, this action is subject to dismissal in its entirety for failure to state a plausible claim on which relief can be granted. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures this deficiency. In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court.

To be clear, Plaintiff may not in the amended complaint simply refer the initial complaint or the attachments to the initial complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including any allegations or claims from any earlier complaint that Plaintiff wishes the Court to consider. If Plaintiff feels that attachments are necessary to assert a plausible claim, he must submit those attachments with his amended complaint, even if they were submitted with the initial complaint. That being said, Plaintiff should not utilize the form complaint only to refer the Court generally to an attached statement of facts, memorandum, or exhibit. Plaintiff must also ensure that his complaint is signed.

Plaintiff must write the number of this case (25-3094) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint, including dates, locations, and circumstances. If Plaintiff fails to timely file a signed amended complaint that states a plausible claim for relief, this case will be dismissed for failure to state a claim without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **August 8, 2025** in which to file a complete and proper amended complaint upon the required court-approved form that cures the deficiencies identified in this order. If Plaintiff fails to do so, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted without further prior notice to Plaintiff. The Clerk is directed to send the appropriate form and instructions to Plaintiff.

**IT IS SO ORDERED**.

Dated July 7, 2025, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
